Dear Mayor Tallo:
We are in receipt of your request for a supplement to Attorney General Opinion No. 01-88, pertaining to the powers of the Hammond City Council President. You seek an opinion on the following follow-up question:
 Under Hammond's Home Rule Charter, the Council appoints a Council Clerk. The narrow question at issue is whether, under the City of Hammond's Home Rule Charter, the City Council may assign the exclusive powers of supervision and discipline of the Council Clerk, short of termination, to the Council President?
Our earlier opinion, No. 01-88, discussed the general powers of the Hammond City Council President, and concluded that a city council can not delegate any of its legislative functions to the president of the council, unless specifically authorized to do so by the home rule charter. This opinion will focus on the possibility of the specific duty of supervision and discipline of the Council Clerk by the Council President.
Under the Charter of the City of Hammond, Section 2-08, it provides for the Clerk of the Council as follows:
 The council shall appoint an officer of the city who shall have the title of clerk of the council. The clerk shall give notice of council meetings to its members and the public, keep the journal of its proceedings, be official secretary of the council and perform such other duties as are assigned to the position by this charter or by the council. (Emphasis added).
We are of the opinion that the Clerk of the Council is an officer ofthe city, as clearly proscribed in Section 2-08 of the Charter, quoted above. As an officer of the city, the clerk is under the direction and supervision of the mayor, unless the charter provides otherwise. See, Section 4-01, "All departments, offices and agencies shall be under the direction and supervision of the mayor, except as otherwise provided by this charter." Section 4-01(B) further provides, "[t]he salary of any employee of the City directly appointed by the council shall be fixed by the council." See also, Section 3-01, "The mayor shall be the chief executive officer of the City and shall exercise general executive and administrative authority over all departments, offices and agencies of the City, except as otherwise provided by this charter." (Emphasis added). Additionally, Section 3-07, provides in pertinent part:
 A. The mayor, as chief executive officer of the City, shall have the following powers and duties:
 * * *
 (2) Appoint and suspend or remove for just cause all city employees and appointive administrative officers provided for, or under this charter, except as otherwise provided by law; this charter, civil service or other personnel rules adopted pursuant to this charter
 * * *
 (4) Direct and supervise the administration of all department, offices, and agencies of the City, except as otherwise provided by this charter. (Emphasis added).
Thus, it is our opinion that the duties of the Clerk of the Council are clearly proscribed in the charter [Sec. 2-08] and may be altered by either the charter or the council. However, since the charter does not specifically provide for the supervision of the clerk, it is our opinion that the clerk is under the general supervision of the mayor as an officer of the city. Further, the charter specifically provides for the salary of the clerk to be fixed by the council and not the mayor.
However, we want to make it clear that it is not our opinion that the mayor has the power to suspend or remove the clerk as provided for above in Section 3-07(A)(2). This section is subject to other provisions ofthe charter. Thus, since the charter in Section 2-08 provides appointment power of the clerk to the council alone, it is our opinion that the council also possesses the power to fire the clerk. Additionally, please be advised that the charter is controlling here and thus, should the council desire to provide for supervision and discipline of the clerk by the Council President, same could be accomplished by an amendment to the charter, as provided for therein.
We hope that this opinion clarifies and answers all of your questions regarding the Council Clerk, but if our office can be of further assistance herein, please advise.
 Yours very truly, RICHARD P. IEYOUB ATTORNEY GENERAL
 ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
Date Received:
Date Released: August 3, 2001